## A. B. DICK CO. v. BARNETT.

(Circuit Court of Appeals, Second Circuit. March 5, 1923.)

No. 165.

**1. Patents ⬳118—Clarity of description a question of fact.**

Clarity of description in a patent claim is a question of fact, depending on the surrounding circumstances as adduced in evidence, and the jury is at liberty to apply its own view, and use its own common sense, and the court on the equity side has the same liberty.

**2. Patents ⬳118—Matters considered in judging sufficiency of patent disclosure.**

In judging the sufficiency of a patent disclosure, it is necessary to consider, not only the art to which the invention may be assigned, but its relation to other and especially older arts, and the nature of the alleged new thought, and it is on the difficulty, obscurity, or even novelty of the art concerned that depends the kind and degree of skill or knowledge which must be possessed by those who assume to apply it.

**3. Patents ⬳118—How attributes of art are ascertained.**

In judging the sufficiency of a patent disclosure, the attributes of the art must be established from the evidence in a particular case, plus matters of common knowledge concerning which the court may take judicial notice.

**4. Patents ⬳118—Disclosure not condemned, because skilled man cannot apply it.**

It is by no means enough to condemn a patent disclosure that even a skilled man might find it necessary to make several tests or trials before arriving at success.

**5. Patents ⬳328—1,101,268, for stencil paper, held valid and infringed.**

Fuller patent, No. 1,101,268, claims 1, 2, 6–16, 20, 23–27, for a stencil paper known as "Dermatype," *held* valid and infringed.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the A. B. Dick Company against Louis A. Barnett. Decree for plaintiff, and defendant appeals. Affirmed.

See, also, 287 Fed. 573.

Suit on Fuller patent, 1,101,268, claims 1, 2, 6–16, 20, 23–27. This patent was before us in Dick Co. v. Underwood Co., 252 Fed. 990, 164 C. C. A. 663, affirming without opinion the decision of Hazel, J., in 246 Fed. 309. The present suit on the same patent, but against another alleged infringer, was refused preliminary injunction by us in 277 Fed. 423.

The court below held that Hesco stencil paper, sold by defendant, infringed the Fuller patent, under the alleged protection of which plaintiff has for some years sold the paper known as Dermatype. From decree accordingly defendant appealed, insisting upon (a) noninfringement, and (b) invalidity of patent for lack of terms of specification sufficiently "full, clear, concise and exact, * * * to enable any person skilled in the art * * * to make * * * and use the same." R. S. § 4888 (Comp. St. § 9432).

E. Clarkson Seward, of New York City, for appellant.

J. Edgar Bull and Samuel Owen Edmonds, both of New York City, for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). It is not necessary to quote the claims in suit; the substance of the matter

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

is the second claim, which is set forth at length in 246 Fed. at page 311. The essential characteristics of the product which is the subject of patent are found in a sheet of fibrous material which shall be (1) dry, but hygroscopic; and (2) impregnated with a coagulated colloidal substance and a tempering agent.

The history of this not unimportant art, the position of the patented product therein, and the means by which the product is reached are matters sufficiently set forth in the opinion of Hazel, J., above referred to, from which this record does not induce us to depart in any particular. The statement just made dispenses with much discussion, and we shall note only heads of the argument now made.

1. We decline further to consider the patent or patents of Zuccato. The only new matter suggested is that when that patentee speaks of alum he must be taken to have meant ammonia alum, that being the ordinary drug of that name found in Great Britain, and that kind of alum is "the strongest in its coagulatory effect upon gelatin." This may be true—it may be assumed as true; but it still remains also true that Zuccato, though he hardened the sheet, failed to "permanentize the coating or tan it," as in Fuller's patent. 246 Fed. at page 312. It may also be assumed to be true, without changing the result, that in the light of several years of success by plaintiff a man acquainted with modern methods may use Zuccato's disclosure as a starting point and make a better stencil sheet than Zuccato ever did. But it is not the stencil sheet of the patent, as is abundantly shown in the opinion already referred to.

2. The main attack now made upon the patent is under an issue presented by the pleadings in the Underwood Case, but not much insisted on, if at all, in that litigation, viz. that its disclosure is not sufficient under the well-known language of R. S. § 4888.

The lack of fullness, clarity, and exactitude in the disclosure is sought to be demonstrated by defendant by the production of a number of witnesses, who declare themselves quite able to make good stencil paper, but unable to produce, by following the instructions of the specification, either the plaintiff's commercial product, the defendant's infringing article, or, indeed, anything else worth having. The inference from this is that, since the witnesses were men "skilled in the art" and said they could not "do the trick," nobody could, and therefore the patent is bad. Abstractly put, and put as a "question of law," it is urged that the patent must be bad if the disclosure does not instruct men of very ordinary capacity, or at most workmen of a journeyman's skill, how to embody the concept of the patent.

[1] It may be noted that the point cannot be advanced as one of law. Whether the description of a device is clear enough to enable a person of ordinary skill to construct or make it is a question for the jury, if the action be at law. Hogg v. Emerson, 11 How. 587, 13 L. Ed. 824. This means that clarity of description is a question of fact, and the solution of a fact inquiry always depends upon the surrounding circumstances as adduced in evidence. The jury is at liberty to apply its own view and use its own common sense about the matter, and has often been so instructed. The court on the equity side has the

same liberty; it is always a mistake to treat as rules of law the preferred mental processes of some trier of the facts.

Therefore all the remarks of chancellors as to the meaning of the phrase "man skilled in the art" are illustrations and incidents, not precedents. They frequently illustrate the personality of their utterer rather more than anything else. We are of opinion that it is advisable to remember first how very easy it is not to do a thing, and how small is the step from not wanting to do a thing to declaring that it cannot be done. This has been dwelt on innumerable times, but never more concisely than by Coxe, J., in Rynear v. Evans (C. C.) 83 Fed. 696.

[2] We further think that, in judging the sufficiency of a patent disclosure, it is necessary to consider, not only the art to which the invention may be assigned, but its relation to other and especially older arts, and the nature of the alleged new thought. It is upon the difficulty, obscurity, or even novelty of the art concerned that depends the kind and degree of skill or knowledge which must be possessed by those who assume to apply it.

[3] And all these attributes of the art must be ascertained from the evidence in a particular case, plus matters of common knowledge concerning which the court may take judicial notice. There could not be a better example of how thoroughly the question of sufficient disclosure depends upon the state of the art and the kind of art than the case from this court so strongly relied upon by appellant; i. e., Matheson v. Campbell, 78 Fed. 910, 24 C. C. A. 384.

Judges, as triers of the facts, have said that a disclosure, to be good, must be clear to a manufacturer, or a workman, or a mechanic, or even a journeyman (Leonard v. Maxwell, 252 Fed. 584, 164 C. C. A. 500); but the word used is quite meaningless unless the nature of the patent and the art involved be carefully investigated, when it will be found, e. g., that the journeyman of the Maxwell Case was person whose accomplishments would be much admired by most men.

[4] It is not possible to formulate a rule in this matter, though it may be safely said that it is by no means enough to condemn a patent disclosure that even a skilled man might find it necessary to make several tests or trials of before arriving at success. Malignani v. Jasper, etc., Co. (C. C.) 180 Fed. 442. The nearest approach to a rule is the summary declaration so characteristic of the rude sense of Jessel, M. R., that "the specification of a patent is not addressed to people who are ignorant about the subject-matter. It is addressed to people who know something about it." Plimpton v. Malcolm, 3 Ch. Div. 531. But how much said people must know about it is a matter of degree, and always relative.

Applying these facts (not rules) to the matter in hand, we are satisfied that there was not the least difficulty on the part of one with an elementary knowledge of chemistry and a fair practical workman, in making Fuller's stencil sheet after reading Fuller's patent. It is not to the point that such a sheet is not as good—i. e., clear and long-lived—as is plaintiff's commercial product Dermatype. The question is not whether a defendant in a suit of this kind is copying the plaintiff's commercial product, but whether he is appropriating the perhaps inferior means of plaintiff's patent.

[5] 3. We may summarily state why we consider defendant's product an infringement. As above shown by reference to the Underwood Case, Fuller's stencil sheet is something which is as to its coating "permanentized" or tanned. We may add that it is chromatized. The relation between tanning and chromatization is interestingly shown in Tannage Co. v. Zahn (C. C.) 66 Fed. 986, reversed 70 Fed. 1003, 17 C. C. A. 552. (The case is also one of the best illustrations of sufficiency of disclosure and how to measure it.)

The article sold by defendant is a partially chromatized, tanned, or permanentized sheet. It will do what plaintiff's sheet does and do it for the same reason; it may do it as well, but in all probability for a shorter time, and only under more favorable conditions as to heat or moisture. All of which, however, does not prevent its being an infringement under familiar doctrine.

Decree affirmed, with costs.