## ELECTRIC VACUUM CLEANER CO., Inc., v. JORGENSEN.

(Circuit Court of Appeals, Second Circuit. April 30, 1923.)

No. 174.

Patents ☞328—1,286,115, for vacuum cleaner, claim 4, held void; claims 1 to 3 held not infringed.

> The Rosenfield patent, No. 1,286,115, for an electric vacuum cleaner, claim 4, *held* void for want of invention and claims 1 to 3 *held* void, unless limited strictly to each element specified in the claim, and, if so limited, *held* not infringed by defendant's cleaner, which did not contain the discharge conduit mentioned in the claims.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity for infringement of a patent by the Electric Vacuum Cleaner Company against John Jorgensen. From a decree dismissing the bill, plaintiff appeals. Affirmed.

The suit was brought to restrain infringement of claims 1, 2, 3, and 4 of patent No. 1,286,115, granted to W. W. Rosenfield on November 26, 1918, on application filed April 14, 1910.

Charles Neave and William G. McKnight, both of New York City, for appellant.

James Q. Rice and H. M. Humason, both of New York City, for appellee.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge. Rosenfield filed his application after the underlying Kenney patent, which made the vacuum cleaner art, had been granted. To any one familiar with this art, the case at bar presents invention as the single and simple question of fact. What Kenney taught the art has been fully described in (1) Vacuum Cleaner Co. v. American Rotary Valve Co. (D. C.) 227 Fed. 998; (2) Vacuum Cleaner Co. v. Innovation Electric Co. (D. C.) 234 Fed. 924, affirmed 239 Fed. 543, 152 C. C. A. 421; and (3) Vacuum Cleaner Co. v. Bissell Carpet Sweeper Co. (D. C.) 242 Fed. 649.

What plaintiff claims is the gist of Rosenfield's invention is the provision of a self-contained portable cleaner of a specified type having a slot contact sealing tool to insure efficient dirt removal; the provision of wheels, to insure proper normal contact between slot and surface to be cleaned, and constant and continuous use without tiring the operator; and also the provision of a pivoted freely swinging handle to insure maintenance at all times of slot contact. Much stress is laid upon the combination of the pivoted handle with the wheels.

The claims of the patent have many words and an excellent view of how little there was to invent is exemplified by the very lengthy claim 3 noted in the margin.[1] In addition to large installations, the art

---

[1] "3. In a self-contained suction cleaner, the combination of a motor casing, a fan casing secured to the motor casing in front thereof, with a partition wall separating the fan chamber from the motor chamber, a fan-driving motor mounted in the motor casing, with its shaft horizontal and extending

was developing to furnish small vacuum cleaners for use in homes and other places, where the surface areas to be cleaned were comparatively small. Wheels were known, handles were known, and small motors were known, although not so well developed as now. Stripped of elaborate description, and giving to the claim the most generous construction, all that this so-called invention amounts to is to utilize the Kenney principle with a wide slot, and adapt a handle so as to make the slot of a vacuum cleaner on wheels contact with the surface to be cleaned.

We are not unmindful of the importance of simple inventions. Kurtz et al. v. Belle Hat Lining Co., Inc. (C. C. A.) 280 Fed. 277. But to the man skilled in this art (Dick v. Barnett, C. C. A., 2d Circuit, 288 Fed. 799, decided April 10, 1923), this should not have been a problem. Quite irrespective, therefore, of the Hoover, the Arnold, and the Eureka prior uses, we think claims 1, 2, and 3 are void for lack of invention, unless limited strictly to each and every element thereof, and that claim 4 is wholly void.

We agree with appellee that the only novel feature is the discharge conduit, referred to in claims 1, 2, and 3 described, for example, at the end of claim 3 and in the specification (page 2, line 3 et seq.). A holding of validity, when claims 1, 2, and 3 are restricted to the precise construction therein set forth, will be of no service to plaintiff, for, of course, defendant does not then infringe. Indeed, we see nothing to induce us to look with favor upon this patent granted after many years, during which the application was lying dormant and the commercial art was rapidly growing.

Decree affirmed, with costs.

---

in the direction of movement of the cleaner and projecting into the fan chamber, a suction fan mounted on the motor shaft within the fan chamber, a rigid suction nozzle extending downward from the front wall of the fan casing, and having a horizontal bottom face with an elongated intake slot extending transversely of the direction of movement of the cleaner for engagement with the surface to be cleaned, said nozzle being in direct and free communication with the fan chamber through the front wall of the fan casing and the length of the nozzle passage from the intake slot to the center of the opening into the fan chamber being substantially the same as the distance the fan axis is above the floor, running wheels mounted on the motor casing and the fan casing close to the surface to be cleaned, and an operating handle pivotally connected to the cleaner to swing vertically, a porous receptacle hung from the operating handle, *and a discharge conduit opening from the fan casing and leading back to the porous receptacle.*"