## A. B. DICK CO. v. MARR.

District Court, S. D. New York.
Feb. 18, 1930.

Archibald Cox, of New York City, for plaintiff.

Edward D. Bolton, of New York City, for defendant.

KNOX, District Judge.

In my opinion, the decision of the Circuit Court of Appeals in the case of A. B. Dick Company v. Simplicator Company (C. C. A.) 34 F.(2d) 935, in which claim 18 of Hill patent, No. 1,526,982, was held valid, plus the

construction placed upon that claim by Judge Alfred C. Coxe, in A. B. Dick Co. v. Shallcross Company (D. C.) 59 F.(2d) 780, decided January 7, 1930, with which ruling I am in accord, amply justify the issuance of a preliminary injunction in the instant suit.

In the case before Judge Coxe, the stencil of the Shallcross Company was prepared from a stencil sheet treated with shellac, nitrocellulose, and upwards of 50 per cent. oleic acid or red oil. He held this to be an infringement of claim 18 of the Hill patent, which reads: "A stencil sheet adapted for conversion into a stencil by the impact of type and the like thereon, the same comprising an open texture base having a coating including a cellulose ester and a tempering agent."

From the proof supplied by defendant on the present motion, it appears that Marr's stencil sheets are imported from London, and the history of their manufacture is to be found in a cablegram excerpt from a statement made by the director of Ellems Duplicator Company, before the American Consul General in London. Such excerpt is in these words: "Prior outbreak war 1914 we exported stencil sheets which we made by coating Japanese Yoshino paper with methylated collodion flexile plus oleic acid with colour added purely for shading purposes. Methylated collodion flexile we purchased commercially, consists of nitrocotton dissolved in its well known solvents plus castor oil. Prior 1918 and before termination war some of this paper was sent from our factory to * * * New York. The stencil paper we make and ship to the Marr Duplicator Company New York and San Francisco also to others in United States is similar description. All coating compositions now made entirely by ourselves we use nitrocotton, dissolve it in alcohol ether making only five percent solution. To a given weight of this we add thirty percent oleic acid and colour as desired. No oil or other ingredient in our composition."

There can be no doubt but that the nitrocotton element constitutes a cellulose ester; and, under the decision of Judge Coxe, above referred to, the characteristics of oleic acid, or red oil, supply the conditions required and served by the "tempering agent" of the Hill patents. It prevents the nitrocellulose ester from drying too hard. In view of what was said in the opinion in the Shallcross suit, I think it unnecessary to discuss defendant's contention that the elements of claim 18 were not infringed, inasmuch as the Marr stencils contain a fatty material (oleic acid) which,

under the interpretation of the Circuit Court of Appeals, is not the tempering agent of the patent in suit. It is enough to say that I believe such argument to be without merit.

Furthermore, if defendant is engaged in infringing plaintiff's patent within this jurisdiction, as seems obvious, there is no reason why the pendency of another suit between the parties in California should deprive the A. B. Dick Company of the rights to which it is here entitled. Nor do I think that the defense of unclean hands which is interposed should serve to defeat the relief to which plaintiff is entitled.

Bond fixed at $10,000.