**HEYER DUPLICATOR CO., Inc., v. A. B. DICK CO.**

**No. 4525.**

Petition for Rehearing Withdrawn July 15, 1932.

Circuit Court of Appeals, Seventh Circuit.

June 23, 1932.

Samuel W. Banning, George I. Haight, and Edmund D. Adcock, all of Chicago, Ill., for appellants.

Wallace R. Lane, of Chicago, Ill., Robert W. Byerly, of New York City, and Cyril A. Soans, of Chicago, Ill., for appellee.

Before ALSCHULER and SPARKS, Circuit Judges, and LINDLEY, District Judge.

PER CURIAM.

The appeal involves the issue of validity and infringement of claims 2 and 18 of United States patent No. 1,526,982 to Hill, February 17, 1925, for a stencil sheet.

The very ingenious presentation of the case on behalf of appellant seems to us more plausible than sound; and while the formidable array of prior decisions of other courts, adjudicating the patent to be valid and infringed, has given us pause lest we be influenced overmuch by these uniform holdings favorable to appellee's contentions here, it is our best judgment that this case was properly decided by the District Court.

The generous contribution to our legal literature which the prior litigation has made persuasively suggests that we refrain from further swelling it through what must be merely a restatement in our own language of that which in previous pronouncements has been sufficiently pointed out.

Judge Wilkerson's opinion in deciding the case in the District Court concisely and well embodies all that needs be said to give ex-pression to our views upon the issues involved. We therefore refer to and adopt his opinion, and set it out in the margin.[1]

The decree of the District Court is affirmed.

[1] Plaintiff charges infringement of claims 2 and 18 of patent No. 1,526,982 for a stencil sheet. This patent has been sustained and applied in the following reported cases: Dick Co. v. Shallcross, 42 F.(2d) 169, 171 (decided by Circuit Court of Appeals for the 2d Circuit, June 9, 1930); Dick Co. v. Simplicator Corp. (C. C. A. 2d) 34 F.(2d) 935, 941; and Dick Co. v. Simplicator Corp. (D. C.) 30 F.(2d) 713. In addition to those cases the patent has been sustained in the following decisions, copies of which were handed up at the trial; Dick v. Marr (D. C.) 59 F.(2d) 781 (Judge Knox); Dick v. Shallcross (D. C.) 59 F.(2d) 780 (Judge Coxe); and Dick v. Arlac (D. C.) 59 F.(2d) 782 (Judge McVicar).

Claim 18, which may be taken as typical, reads as follows: "18. A stencil sheet adapted for conversion into a stencil by the impact of type thereon, the same comprising an open texture base, having a coating including a cellulose ester and a tempering agent."

The scope of this invention and its place in the art are fully set forth in the Shallcross and Simplicator opinions.

Attack is made upon the validity of the claims in issue. The major point in the attack involves defendant's contention that Hill's invention was a combination embracing three essential elements and, therefore, affords no basis for a claim covering only two of them. There is no foundation for this position in the language of the patent. The specifications state: "To a given quantity of this pyroxylin enamel I add a suitable proportion (fifty per centum will give good results) of a tempering agent such as oil * * *. The *chief* function of the tempering agent is to prevent the pyroxylin enamel from drying too hard, making the coating undesirably brittle. *For this purpose* I prefer to use castor oil or a similar oil having the power of forming with the cellulose ester and its solvent a homogeneous body. *I may also, if desired, add* a suitable quantity of a material, for example soya bean oil, of such a character as *to hasten the setting* of the coating mixture when applied. The quantum to be used can readily be determined with reference to the particular pyroxylin employed. I *prefer* to use only enough to *aid in* the setting of the mixture without making it undesirably moist and sticky. *I have found it advantageous* also to add to the mixture a limited proportion, say five to ten per centum, by weight, of some fatty or tallowlike ingredient * * *, *to serve similarly as a setting agent, but more particularly as a preservative of the proper consistency of the finished coating and to aid also in retaining the composition in the desired state of softness, fluency and displaceability.* * * *"

The specifications further state: "* * * The invention is not limited to the details above described but * * * comprehends broadly a stencil sheet * * * having as its essentials a base, such as Yoshino, provided with a coating which includes, or is derived from a cellulose compound or its equivalent, this being so modified as to make it substantially stable for the purpose designed and responsive to pressure for the production of stencil openings of character suitable for the passage of ink therethrough."

The patent is limited to no specific formula. The ingredients named in the specification as additional to the pyroxylin enamel and the castor oil are expressly stated to be used for the purpose of improving the action of the tempering agent. It is said that the soya bean oil *hastens* the setting and that the fatty material *serves similarly* (i. e. aids) as a setting agent, but more particularly as a pre-

servative of the proper consistency of the finished coating and *to aid* also in retaining the composition in the desired state of softness, fluency and displaceability.

The reason given for the addition of the optional ingredients in the formula is not that they are necessary to the production of the stencil sheet but that their use will improve the sheet which in its essential characteristics may be made from the two necessary ingredients.

Clearly, the essential elements of the coating, described in the specifications, are a cellulose ester and a tempering agent such as an oil. The insertion in the patent of some claims in which the fatty material which the inventor says he has found it advantageous to add is named as an element cannot operate to invalidate the claims in which only the essential elements, as stated in the specifications, are enumerated. Jones v. Sykes Metal Lath & Roofing Co. (C. C. A. 6th) 254 F. 91, 96.

Defendant asserts that a coating including only a cellulose ester and a tempering agent such as an oil is inoperative and that, therefore, the claims which include those elements only are invalid.

The evidence does not sustain the defendant in this contention. The testimony of defendant's expert on this point is not convincing, and, taking the evidence as a whole, the finding on this issue of fact must be against the defendant. Dick Co. v. Barnett (C. C. A. 2d) 288 F. 799, 800, 801.

Another attack on the claims in issue is based upon two amendments made during the prosecution of the Hill application in the Patent Office. It is sufficient to say that the file wrapper has been considered and that the court deems this attack to be without justification. Cleveland Foundry Co. v. Detroit Vapor Stove Co. (C. C. A.) 131 F. 853; General Electric Co. v. Cooper Hewitt Electric Co. (C. C. A. 6th) 249 F. 61, 64.

The objections to the claims in issue, based upon prior patents not relating to stencil sheets, the Dick patent, No. 562,590, the Campion patents, the alleged Smith prior use and the alleged Calhoun prior use have been considered by the courts in the cases above cited and have been found to be without merit.

It is argued that the Calhoun defense is on a different footing when urged against the claims here in issue from that in the Simplicator suit. But the claims in issue here were sustained in the Simplicator suit and the court said: "But, irrespective of all this, the claims for a stencil sheet comprising a base having a type-impressible cellulose coating * * * have, in any event, been infringed." The argument based upon isolated statements in the court's opinion taken out of relation to the context is unsound. The inferences which the defendant seeks to draw from the opinion in the Simplicator case are not warranted.

A consideration of the evidence as to both the Calhoun and Smith uses must result, in the opinion of the court, in the strong conviction that they fell short of the measure of proof required in such cases. The finding on those issues of fact, therefore, must be for the plaintiff.

Defendant asserts that its coating containing a small amount of nitro-cellulose, a large amount of oleic acid calculated to keep the mixture soft enough to be type impressible and an undisclosed ingredient

amounting to 5.47 per cent. does not infringe the claims in suit.

On the issue of infringement defendant repeats the argument that the Hill invention really embraces three essential elements. The claims in suit, however, name specifically two elements. If defendant's argument is sound the claims fall and that is the end of the case. If the claims are treated as valid and are narrowed by construction, by the application of a logic which it is difficult to follow through all of its ramifications, to cover only coatings in which all the elements named in the specifications, both essential and optional, are employed, the defendant has not avoided infringement on that ground alone. Defendant's position is this. It would limit the meaning of "tempering agent" so as to include only a softening agent when used in connection with a material to hasten setting. This then becomes one of the two essential elements of the claim. for we are now assuming the validity of the claim. Having induced the court to place this construction on the claim, the defendant may not then assert that infringement is avoided by using for this essential element as thus defined a single agent which possesses both softening and setting properties.

As pointed out above, the argument based on the contention that the Hill invention embraced three essential elements and that the two part combination named in the claims in suit is inoperative leads, if it is sound, to invalidity; and, if the issue of validity on those claims is decided against defendant it must face squarely the question whether or not oleic acid is a tempering agent, as defined in the patent.

A consideration of the evidence in this case leads to the same conclusion as that reached in the Shallcross Case. The court said: "That claim only calls for 'a coating including a cellulose ester and a tempering agent.' A cellulose ester the defendant admittedly uses. He employs oleic acid as a tempering agent. It softens the pyroxylin so that it will not become hard like enamel after the evaporation of the solvent and has an effect similar to the castor oil recommended * * * in the patent to Hill * * *. But Hill's specification does not require that castor oil or any oil shall be used. It says: 'To a given quantity of this pyroxylin I add a suitable proportion * * * of a tempering agent *such as oil* * * *.' Moreover, even if oil itself were intended as the tempering agent for Hill's stencil sheets the test of what is oil is not the chemical meaning of the word but its general meaning, so long as the ingredient used is '*such as an oil*' and serves the purpose of a tempering agent. Oleic acid is commonly spoken of as oil, and is a satisfactory tempering agent. Defendant's criticism that oleic acid does not have 'the power of forming with the cellulose ester and its solvent a homogeneous body' as provided in the patent is open to the same objection. The homogeneity referred to is not chemical but practical, and such homogeneity defendant's coating attains."

There will be a decree for plaintiff. Findings of law and fact, in accord with this opinion, may be prepared by counsel for plaintiff and submitted with draft of decree on proper notice.

James H. Wilkerson,
United States District Judge.